UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| W. DUMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01665-JPH-MPB |
| ) | |
| PAUL TALBOT, *et al.* ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Willie Dumes, an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

### I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Dumes sues Dr. Paul Talbot and Wexford of Indiana, LLC. He alleges that he suffers severe pain in his lower back, left leg, and left hip and that Dr. Talbot has not provided him with adequate treatment for this condition. Mr. Dumes further alleges that Wexford keeps Dr. Talbot as an employee despite his failure to treat patients because, in doing so, Dr. Talbot saves Wexford money.

Based on the screening standard set forth above, Mr. Dumes's claim against Dr. Talbot **shall proceed** as a claim that Dr. Talbot exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. His claim against Wexford **shall proceed** as a claim that Wexford maintained a policy or practice that resulted in the violation of his Eighth Amendment rights.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 27, 2020,** in which to identify those claims.

## III. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Wexford of Indiana, LLC, electronically.

Defendant Dr. Talbot is identified as an employee of Wexford of Indiana, LLC. Wexford is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date: 6/30/2020

Distribution:

W. DUMES
905144
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Dr. Paul Talbot
MEDICAL EMPLOYEE
Pendleton Correctional Facility
4490 West Reformatory Rd
Pendleton, IN 46064

Electronic Service to Wexford of Indiana, LLC

James Patrick Hanlon
United States District Judge
Southern District of Indiana