UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| W. DUMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-01665-JPH-MPB |
| | ) |
| PAUL TALBOT, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Assistance with Recruiting Counsel**

The plaintiff asks the Court to assist him with recruiting counsel to represent him in this case. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020); *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Thomas*, 951 F.3d at 859 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

1

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007); see *also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)). Based on the plaintiff's filing, the Court concludes that he has made a reasonable effort to obtain counsel. He should continue those efforts.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt,* 503 F.3d at 655) *Pruitt,* 503 F.3d at 655); *Thomas*, 951 F.3d at 861 ("the district court [is] required to weigh the difficulty of [plaintiff's] claims against his competency to litigate those claims."). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

It is this Court's determination that the plaintiff's current motion for counsel reflects that he is competent to litigate this action on his own. The plaintiff states that he has no trouble reading or writing English and that he has been to the 7th grade. He also states that he has suffered brain trauma. He states that he had been receiving assistance from another inmate, but that inmate has been transferred.

The plaintiff's claim in this case is that he is has received inadequate treatment for his pain. He has been able to adequately describe that claim in his complaint and should be aware of the facts supporting this claim, including his pain and the treatment he has received. Further, this case is in its early stages and the plaintiff has not described any action he has not been able to take in this case because of his *pro se* status.

For the reasons explained above, the plaintiff is competent to litigate the case himself at this time. His motion for assistance with recruiting counsel, dkt. [22], is therefore **denied**. If he wishes to renew his motion as the case proceeds, he should do so on the Court's form, which the **clerk shall include** with his copy of this Order.

**SO ORDERED.**

Date: 1/4/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

W. DUMES
905144
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com